IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

DAVID EARL FLOWERS § 
VS. § CIVIL ACTION NO. 1:07cv973
JEFF. CO. JUDICIAL SYSTEM §

## MEMORANDUM OPINION

David Earl Flowers, formerly an inmate confined in the Jefferson County Correctional Facility, proceeding *pro se*, filed this petition for writ of habeas corpus.

## Discussion

On February 15, 2008, the court entered an order directing the respondent to show cause why the relief prayed for should not be granted. A copy of the order was sent to petitioner at the Jefferson County Correctional Facility, the address provided to the court by petitioner. The copy of the order sent to petitioner was returned to the court with a notation stating petitioner was no longer at the facility. Petitioner has not furnished the court with a new address.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for want of prosecution *sua sponte* whenever such action is necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General*

*Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980). *See also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The orderly and expeditious disposition of lawsuits requires that if a litigant's address changes, he must promptly inform the court of the new address. The United States Court of Appeals for the Fifth Circuit has said

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Shannon v. State of Louisiana*, 1988 WL 54768, No. 87-3951 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310 (5th Cir. May 19, 1985)); *see also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (*per curiam*) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address).

By not providing the court with his correct address, petitioner has prevented the court from communicating with him and moving this case towards resolution. He has therefore failed to diligently prosecute this case.

<u>Conclusion</u>

For the reasons set forth above, this case will be dismissed for want of prosecution. A final judgment shall be entered in accordance with this memorandum opinion. If petitioner wishes to have this case reinstated on the court's active docket, he may do so by providing the court with a current address within 60 days of the date set forth below.

The show cause order previously entered is **VACATED**. The Clerk of Court shall provide a copy of this memorandum opinion to all persons to which the show cause order was sent.

**SIGNED** this the **17** day of **March, 2008.**

_____
Thad Heartfield
United States District Judge